Good morning, Your Honors, and may it please the Court. My name is Margaret Farrand, appearing on behalf of the defendant and appellant, Matthew Frazer, and I would just request to reserve two minutes of my time for rebuttal. I think the core problem in this case, and the core error that occurred below, can best be understood by looking at this Court's 1992 decision in United States v. Fernandez, in which the Court said, this Court said, the District Court erred by failing to either accept the plea agreement and sentence Fernandez accordingly, or reject the plea agreement and allow Fernandez to withdraw his guilty plea. I really think that that's the core of what happened here, and I think that... So tell me how the Court departed from the plea agreement. Yes, Your Honor. Under Rule 11, the parties are empowered to agree to specific... No, we know all that. Tell me how the Court departed from the plea agreement. It employed a different guideline than the one that the parties agreed to. It used 2G 2.2, the production guideline, instead of... I'm sorry, it used 2G 2.1 for production of child pornography, instead of 2G 2.2 for possession and distribution... Okay, so doesn't your appeal waiver bar you from challenging that? Your Honor, it doesn't, because the reason is that the appeal waiver is a part of the agreement itself, and if that waiver is going to be enacted and carried out, the agreement itself must have been validly put into place under Rule 11, according to Rule 11's procedures, and that didn't happen here. Well, doesn't the... I mean, haven't we said in the past that an appeal waiver covers a valid guidelines calculation? It can cover a guidelines calculation if the... It was erroneous, so you can't... If you enter into an appeal waiver, you can't come up to us and say, the judge calculated the guidelines incorrectly. I assume that it would, Your Honor, if the Court complied with the provisions of Rule 11, and I think again and again, this and other courts have said that a violation of Rule 11 vitiates the plea agreement, including the appeal waiver. That was Portillo Cano, and also Navarro Botello cases talked about that. The provisions of Rule 11 have to be complied with, and I'd like to point out that if the Court accepted the agreement, which I think it intended to do here, it said a few times it wanted to do that, under 11c4, it's entitled to tell the defendant at that point, I've accepted the agreement, and you will now be sentenced according to the terms in your plea agreement, those binding terms that were set forth. The Court didn't say that to them. Your client was sentenced within the range of the plea agreement, correct? He was sentenced within the range, but that range... He was sentenced within the range, but according to a different range, if that makes sense. I don't want to be obfuscatory, but I think that Moran Martinez's case from the Supreme Court 2016 talks about how that is an error that affects substantial rights. Even if the sentence falls within the guideline range, if a different range was actually used... No, I understand that's an error. The question is whether the waiver covers the error. I don't think it does, and the other point I wanted to make is that... Hold on just a second. I'm trying to understand here, you had 11c1c, and there were certain guideline provisions that you and the government had agreed to, is that right? Guideline calculations that a base offense level in particular would start at a certain point. That's right, Your Honor. The district judge here, though, at one point said that... It's in the record that the defendant agrees, and I think it's at ER 244, that provided the court impose a sentence within the sentencing range specified in paragraph 19, defendant gives up the right to appeal any portion of the sentence. That's in the record, Your Honor, but I think once again that that's... And then, Mr. Frazier, I don't think you necessarily disagree with this or say this is not true. He confirmed at the change of plea hearing that he understood the waiver included the way in which the district court calculated the sentence. The court says, you are giving up your right to appeal the length of the sentence the way I calculated or arrived at the sentence. Do you understand that? And he responds, yes. So we have case law, I think it's Medina Carrasco, says because defendant expressly waived his right to challenge sentencing guideline determinations, a sentence in accordance with the plea agreement need not rest on a correct guideline determination. So I'm trying to figure out exactly what it is that you're saying is your main issue. Here's another problem, Your Honor. In the Morgan case, this court said that if the court rejects any of the terms that are agreed to in a plea agreement here, actually it wasn't only the guidelines, it was the supervised release conditions. I was going to ask you about that, but finish with your Morgan case question. That actually is a separate and independent vitiation of the plea agreement here because they were... Well, I don't think so. I don't think so because the plea agreement says, I agree to supervise release conditions which include the following. It doesn't say are limited to the following. The government below agreed that the court contradicted the terms in the plea agreement that were agreed to. I don't hear what the government agreed to. My question is, where does the plea agreement limit the district court? I mean, we can fix the plea. I don't want you to spend your time on supervised release because it's easily fixed and that's not what your client really cares about. Well, I don't know about that, Your Honor, but in any event, in ER 202, actually it was said in the record that it was anything that was different or in addition to the terms... That would allow him to appeal. That would allow him to appeal, yes. But did the government ever agree that the district court was barred from imposing additional conditions? Well, you know, I think that they agreed that it was... Yes or no? I can't recall a place that they said that, no. But I think that... Sure, the government agreed that he can appeal because this is, you've imposed conditions in addition to the plea agreement. Yes. But where in the plea agreement was the district court required to only impose the conditions noticed in there? They had to... It was, I believe it was paragraph 3i. Well, I've read it. It said including. But yes, and so that set forth the conditions that were agreed to. And one of those conditions, I think the most clear example was the ban on contacting the victim. Well, you can appeal that. We can... Okay. It's outside the waiver, but doesn't the plea agreements... Just let me finish. I know you're eager. Doesn't the plea agreement say including the following conditions, not limited to the following conditions? I believe that, I think it says, well, I don't want to misrepresent what it actually says, and I think Your Honor is correct. I think that that's right. So let me ask you a very different question. Okay. What do you want? I would like... Do you want us to set aside the plea agreement? No, actually what I'd like... I assume you don't want that. What I'd like the court to actually do is remand to allow the district court to see what it meant to do. Did it intend to accept the agreement or did it intend to reject it? Because in Morgan, this court said, rejecting any part of what's agreed to actually constitutes a rejection of the entire plea agreement and a vitiation of every part of it. I don't think that's what the court... I'm sorry, but can you remind me if at any point in time prior to sentencing, the defendant said, Your Honor, you didn't abide by the terms of the 11C1C? Both counts... And so I'd like to withdraw from the plea agreement. The defendant wasn't notified of his opportunity to withdraw. He didn't say that, but... Well, at any time... He's proceeding to sentencing, and at the sentencing, he sees what's going on. The calculation is not going consistent, apparently, to what he and the government agreed to. At no point, from what I saw, but perhaps you can point me to it, and I wanted to give you an opportunity to do so, did the defense counsel say, Hold on, Your Honor. This is 11C1C. We did not agree to this. We object, and we want to withdraw from the plea agreement. Your Honor, they didn't go so far as to say we want to withdraw from the plea agreement. They pointed out... And the government, I would also say... Tell me where in the record. That was... The defense objection to the guidelines calculation was at ER22 and ER33. I would say 33 is the more clear objection. They said, We object to that guideline. Did they say, We want to withdraw? No, but I don't think that's the defendant's burden. The self-case from the Fifth Circuit says the government actually has a duty to point that out, and in fact, the court under C5 has a duty to tell the defendant that it may... That is not the burden of the defendant. That's the duty of the court under Rule 11. We're on ER22. The only time I see anybody but the court speaking is Ms. Steele saying, Okay? No. Well, no. Is okay an objection? 22 says, I guess the parties had agreed to a defense level of 35, but then 33, ER33, she says at line 19, the guideline probation used, and we're objecting to that, to G2.1, starting at 32. She goes through. That's ER33. That's Ms. Steele. And I understood you objected to the guideline probation used. Did anybody ever say to the district judge, We had an agreement that a different guideline would be used? Yes. The same ER33, line 13, actually 12, if I may point out, the government has indicated, the government's asking, we are asking the court to follow the guidelines that were contemplated and included in the plea agreement. That's stated. The government also... That's different asking from objecting to the district court and saying, Your Honor, this is in violation of the 11C1C. I want to, you know, object at this point. But once again, that's the duty of the court to inform the defendant of that. That's not the defendant's burden. And what's the case you tell me in the Ninth Circuit that says that? Morgan actually says that if the district court is not clear and doesn't really say, or I guess purports to accept... If the district court was really clear... Well, if it says that it's accepting but then does not actually implement what is agreed to, that actually constitutes a rejection. But that doesn't mean that we assume the remedy for that in Fernandez. If you want to save... You're actually out of time. I'll consider giving you a minute or two. I appreciate that. Thank you, Your Honor. Good morning, Your Honor. Sherry Ying on behalf of the United States. May it please the court. Can we start with the easy part of this case and then move to the hard part? You agree that the three conditions of supervised release were inappropriately imposed? At the sentencing hearing itself, they were not. The Evans issue, the United States v. Evans. Correct. Right. Okay. So if we remand for a resentencing on the supervised release end of this case, the judge can then figure out whether she meant to, or he meant to, who was it? She meant to, in this case, impose more conditions than were in the plea agreement originally. If the court gives a... Yes, if we do that. A general remand. Yes. We remand and say, look, and they're complaining about too many conditions in the supervised release. We knew you tried to fix that a couple of times, but it appears that you didn't fix it in time for us to review it. We can take care of that part of the case separately, can't we? Yes, Your Honor. Okay. And you agree about that? Yes, I agree. Okay. So now let's get back to the hard part, the part you were going to address. Thank you, Your Honor. This case poses a somewhat unusual set of facts. There's certainly, I think, no shortage of different ways to look at the record and different ways to approach those facts. But I would submit that one approach makes the most sense. Defendant basically contends that the district court violated Rule 11C1C by disregarding the guidelines calculations contemplated to and agreed to by the parties. But defendant failed to object at the time of the sentencing and state with the specific grounds for that objection. And does Morgan tell us anything different, or can you respond to your colleague across the aisle's argument that it was the burden of the court or the government to point that out? As a factual matter, Your Honor, the court did apprise defendant at the first sentencing that if the court wasn't inclined to accept the plea agreement, that defendant would have the right to withdraw. Well, what does the case law tell us, though? Because your colleague is saying that something else should be guiding us. I think she said Mork and another case. But the court accepted the plea agreement? Yes, Your Honor. Okay. So the fact that the court might have allowed him to withdraw if it didn't accept, it doesn't help us. So tell us why the guidelines calculation in the plea agreement wasn't, as your friend says, part of the 11C deal. The guidelines in the calculation were part of the 11C. So didn't the court then not correspond with the plea agreement? As to the guidelines issue, yes, the court. Okay. So why shouldn't we just vacate the whole thing and throw out the plea agreement and you can go charge this guy and send him away for 45 years? Well, Your Honor, I think that's unnecessary because defendant here didn't state the basis for the objection. Now, there was an objection and all the parties, both the government and the defendant, tried to convince the court to go along with the parties' agreed upon factors. But I think the parties, certainly defendant, in order to preserve the issue needed to set the actual basis for the objection. In other words, it's not enough to just say, please follow the sentencing guidelines. The parties needed to say to the court, you need to court, district court, you need to follow the guidelines. What's your case that says that? That's the Rule 51, Your Honor. It says, Rule 51 says that the party needs to object and also state the grounds for the objection. And there's a line of cases, mainly in the evidentiary circumstances, in which basically a defendant objects on some sort of ground and then raises a different ground on appeal. And basically, the courts of appeal have said that that's not sufficient. But didn't they object on the very ground? I mean, they said at some point, I thought we'd agreed on a different guidelines calculation. It's different, Your Honor. I think it's one thing to say, district court, please follow agreed upon guidelines calculations. But what the parties needed to do, what the defendant needed to do to preserve that argument was to say, Your Honor, you accepted the plea agreement. Therefore, you're also bound under Rule 11C1C to accept the guidelines calculation. What drives me crazy about this case is it's quite clear, having been through this three times with the district judge, she entered three separate orders, that now having been of people's objections, she was going to end up in the same place anyway. So why don't we just vacate the whole thing and send it back and let her impose whatever sentence she wants to impose? If it's 270 months, then it'll be 270 months. If it's less, it'll be less. Why are we trying? Mistakes were made somewhere along the route here. Why don't we just vacate the whole thing and send it back to her and let her do what she wants to do? Well, under a plain error review, Your Honor, defendant hasn't met that burden. I think it's important to give judgments finality. And here, defendant has... If the district court violated the 11C1C agreement, the only remedy is... Well, there's judgment here. There were several issues. That's part of the problem. That's why this came back on appeal. But just... If you could address the core issue here. You have an 11C1C with certain conditions that were not... That the court didn't accept. And then you have this waiver where the court clearly tells the defendant, you understand that even if I get to my sentence in a different way, different from the 11C1C, that's what's going to guide in terms of your appellate waiver. Tell... Give us your best shot at what... How do we deal with that? As far as the appellate waiver's application to the current circumstances? Yes. That's the whole issue here on appeal. If there were no appellate waiver, we would have a different problem. So there's an appellate waiver. Does it apply or doesn't it? It does apply, Your Honor. Why? Because defendant reached this agreement, agreed to waive his appellate rights if the and if certain... We know that, but what's your authority? What's your best case on that? I understand that. We see that. That's the problem. So why do we go with the appellate waiver instead of the 11C1C? I guess I'm not understanding, Your Honor. Let me try it differently. Your friend says the deal we made with the government was the judge would calculate the sentence according to a specific set of guideline calculations. The court didn't follow that deal. Therefore, my waiver is no good. Please respond to that argument. Certainly, Your Honor. The cases that defendant cites in support of that proposition, Your Honor, they all happen... Although they are all Rule 11 cases, they all address the kind of the formation and the entering of that guilty plea. Here, although... Here, the defendant... There's no, I think, doubt, no challenge, serious dispute that the defendant entered into the plea agreement knowingly and voluntarily. So by contrast, those other cases that defendant had cited, they all had to do with basically defendant wasn't apprised of the statutory maximum, things like that, in the Rule 11 colloquy. And therefore, the formation, the foundation of those plea agreements were invalid. And therefore, the appellate waiver was invalid. I think the situation here is different because no one's challenging that the defendant entered into the plea agreement knowingly and voluntarily. But she's challenging whether or not the district court honored the plea agreement. And you're saying that's the subject of an appellate... The appellate waiver prevents her from raising that on appeal? Yes, because the appellate waiver, just by its own plain terms, says that defendant waives any portion of the sentence. And that trumps the 11C1C? It says any portion, yes, Your Honor. I would submit that it does. Let's take a hypothetical. Let's say the district judge said, I'm going to give you 270 months because you're an African-American or some impermissible reason, but stayed within the plea agreement numbers. Does the waiver prevent him from challenging that on appeal? I think that's an unfortunate hypothetical, Your Honor, but I think... Yes, I do too. And I realize... I meant it to be an unfortunate hypothetical. Try to answer it with a yes or no. I would say that that is part of the calculations and is part of any sentence. So an improper calculation of the sentence doesn't matter as long as the sentence was within the range allowed by the plea agreement? That's the government's position? That's the government's position, Your Honor. Even though you agreed with the defendant, it would be calculated in a different way? Correct, Your Honor. And I think... They're telling me that that's what it is. I don't have any particular... I haven't been able to find any cases that had this particular situation, Your Honor. I can say, however, that the defendant does not want to withdraw the plea agreement as set forth in the reply. Right, which is why I asked the sort of... Why should we worry so much about this question? We send it back. The district judge has already indicated what she believes. She can think once again of whether 270 or 240 is the right sentence. She can arrive at the 270 any way... She can arrive at the 270 consistent with the plea agreement. There's nothing in the plea agreement that prevents her from doing so. So sometimes in these cases, I wonder why we just don't... Why do we waste two years on appeal rather than giving them back to the district judge and letting her take care of it? Well, Your Honor, I think the district court did try to do that by issuing... Right after the notice of appeal, unfortunately, or too late... Or too... I'm sorry, too late to do so under the rules. I think so. Although if... First of all, the supervised release can be modified at any time by the district court and under certain circumstances, even without a hearing with the defendant present. So I would submit that based on that, the court did have the authority to modify the terms of the supervised release, even after the... I believe it's the rule... What's your authority on that? Incorrect clerical errors in the judgment. No. Well, that gives... The supervised release, I understand. And we're talking about the 270 months now. Correct. But that was never changed. That remained the same. It was the supervised release conditions that were modified. And that's under... I think it's 3583E2, Your Honor. And then without the hearing, I think it's under Rule 32.1. Thank you. Thank you for your argument. Ms. Perron, I'll give you a minute and 45 seconds because I think that's how much we went over with your colleague across the aisle here. Can I ask you a question? Is the main reason you're attacking the 11C1C agreement and what the district court did here is to get to the supervised release? No, Your Honor. I think... You want to withdraw from the plea? No, Your Honor. We don't want to. But I think that what all parties here wanted to do was to accept the plea agreement and carry it into effect. The district court did, and so did Mr. Frazier. I think he would like to be resentenced according to the guidelines provisions that he agreed to. Could he be sentenced according to the guidelines range that he... And why does that matter? I guess I want to make sure I understand. What's the significance? Well, I think the Moran-Martinez case from the Supreme Court says that we... It's almost... It doesn't use the word presumption, but there's a harm to substantial rights when the wrong sentencing range is used. The range that Mr. Frazier bargained for was 120... We all understand that applying the wrong sentencing range is error, and we should reverse in cases in the absence of a plea waiver. He wants a chance... He wants a chance to be sentenced according to that guidelines range, and we don't know what the district court would have done had it had that correct range in mind. Well, we do, don't we? Because you say you preserved it with an objection. Let's assume you did. The judge then went back and said, after we remanded, and said, I meant 270 months. So we know what you'd do. Well, I guess... I'm not totally sure about that, Your Honor, because in fact, on remand, she continued to use an incorrect guidelines range. I understand. But she didn't... You can't try to argue, can you, that she didn't know what she was doing when she imposed the sentence of 270 months that she imposed. Your Honor, I think that she knew that she was imposing that sentence, certainly, but I don't know that she understood that she was... My reading of the records, she didn't really like the 11C1C from the beginning, like a lot of judges. I mean, felt like it was going to tie her hands, and especially in light of the facts of this case. It may be so, but she did take a recess during the 2014 hearing, think about it, come back and say, I'm going to accept it because I think that we shouldn't require this child victim to testify. She said that three times, and so she did apparently decide to accept it, and she stuck with it, and then in 2017... So why shouldn't we just throw out the plea agreement? I know that's not what you want because your client will get a much bigger sentence, but if there's this much error in the process, let's throw out the plea agreement and you can go back and deal with the government again. I don't think it's within this court's role to throw out or not throw out the plea agreement. Why not? Don't we get to choose remedies, not you? You get to make arguments, but we get to choose remedies, don't we? Well, under 2106, I think the court can vacate or restate it in that provision, or remand for further proceedings, and I think in Fernandez, and I think in the other cases cited in Morgan, what this court has done is say, we're not really sure what the district court wants. We need to send it back so that it can properly... The district court says, this is a really bad guy. I'm not really crazy about this plea agreement. I would have given him much more had I had the ability to do so, she implies, and so I'm going to give you at the top range of the plea agreement. That's why I think we're sort of, in many ways, we're wasting our time. Your Honor, I think what's needed is clarification. What did the district court do? One of two things I think will happen on remand. Either the district court will say, what I did was I rejected it. See, Morgan, I rejected it. My sentence was pursuant to rejection of the plea agreement. If we're sending it back for resentencing, she can say, I accepted it and I'm recalculating and I'm giving you 270. She could do that, correct, Your Honor? There isn't any chance in the world she's not going to do that, is there? I never say there's no chance in the world of anything, Your Honor, but I also just wanted to, if I might... I wish you had time, but I think we've gone over it. I appreciate that. Thank you very much. Thank you, Your Honor. The case of United States v. Frazier is now submitted. Thank you both for your presentations. The next case on the docket is United States of America v. Justin Marcus Henning.
judges: Murguia, Hurwitz, Guirola